IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
March 19, 2026 02:06 PM
SX-2019-CR-00303
**TAMARA CHARLES**
**CLERK OF THE COURT**



## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX
\*\*\*

| | |
|---|---|
| **PEOPLE OF THE VIRGIN ISLANDS,** | ) CASE NO. SX-2019-CR-00303 |
| | ) |
| Plaintiff, | ) CHARGE(S): |
| | ) |
| vs. | ) NEGLIGENT HOMICIDE BY |
| | ) MEANS OF A VEHICLE |
| **DARYL E. JEAN-BAPTISTE,** | ) 20 V.I.C. § 504 |
| | ) INVOLUNTARY MANSLAUGHTER |
| Defendant. | ) 14 V.I.C. § 924(2) |

Cite as 2026 VI Super 10U

### MEMORANDUM OPINION AND ORDER

¶1 Pending before the Court are:

1. Defendant's Motion for New Trial or, in the Alternative, Judgment for Acquittal, filed February 19, 2026; and

2. People's Response to Defendant's Motion for New Trial or, in the Alternative, Judgment for Acquittal, filed March 6, 2026.

For the reasons set forth below, Defendant's motion will be denied.

### I.  BACKGROUND

¶2 On November 15, 2019, the People filed an Information against Defendant, and the People filed the Second Amended Information on February 7, 2023. In the Second Amended Information, the People claim that on or about November 3, 2019, Defendant operated a black 2007 BMW on Queen Mary Highway and caused the death of Davindra Ramsundar, Jr. The People alleged violations of: 20 V.I.C. § 504 and 14 V.I.C. § 924(2). The Superior Court conducted a trial, with Judge Ross-Edwards presiding, and on July 23, 2025, a jury unanimously found Defendant guilty of Involuntary Manslaughter in violation of 14 V.I.C. § 924(2).[1] Defendant highlights that the Court immediately remanded Defendant that same day.

¶3 A central issue in this case concerns a separate civil action for wrongful death, captioned *Davindra Ramsundar et al v. Daryl Jean-Baptiste et al*, Case No. SX-2020-CV-00786. Attorney Emile A. Henderson (through Yvette D. Ross-Edwards, P.C.) filed the Complaint for Plaintiffs on November 2, 2020. On March 30, 2021, Defendant Daryl Jean-Baptiste (with Attorney Renee D.

---

[1] The Record of Proceedings and court transcript show that the jury reached its verdict on July 23, 2025.

Dowling as counsel) filed a Motion for Stay of all Proceedings in the civil action.[2] In 2022, Attorney Henderson became a United States District Court Magistrate Judge, but Yvette D. Ross-Edwards, P.C. still officially remained as counsel for Plaintiff. On February 27, 2023, Attorney Yohana M. Manning with Manning Legal Services P.C. entered an appearance for Plaintiff in the wrongful death case.[3] But Yvette D. Ross-Edwards, P.C. still remained as a counsel of record for Plaintiff (in addition to Attorney Manning) throughout Defendant Jean-Baptiste's present criminal case. Yvette D. Ross-Edwards, P.C. never formally entered into a stipulation for substitution of counsel with Attorney Manning. Defendant Jean-Baptiste's attorney, Attorney Dowling, also served as counsel for Defendant Jean-Baptiste in both the present criminal case and the separate Wrongful Death case.

¶4    Notably, on July 30, 2025 (after the end of the criminal trial), Defendant filed (1) a Stipulation for Substitution of Counsel where Attorney Kye Walker replaced Attorney Dowling and (2) his Motion to Disqualify Trial Judge. On August 7, 2025, Judge Ross-Edwards (hereafter referred to as the previous "trial judge") issued an Order denying Defendant's Motion to Disqualify Trial Judge. The trial judge identified several reasons for denying the motion: (1) Defendant failed to make the motion to disqualify before the trial and instead waited soon after the jury delivered an unfavorable verdict, despite Defendant and counsel being aware of the separate Wrongful Death case, and waiting until after the trial goes against the legislative intent 4 V.I.C. § 284; (2) filing the motion after the verdict undermines the finality of verdicts; (3) Defendant waived the issue of disqualification by waiting until after the trial; (4) even if Defendant did not waive the issue of disqualification, Defendant was not prejudiced because an independent jury reached its own impartial decision regarding Defendant's guilt; (5) no clear probability of bias or prejudice during the trial by the trial judge exists; and (6) Defendant may still appeal the verdict. Additionally, the trial judge states that she previously had no knowledge of Yvette D. Ross-Edwards, P.C. still remaining as a counsel of record for Plaintiff in the Wrongful Death case, and Defendant raising this issue of disqualification after the trial may have been determined to be a "strategic weapon if the verdict was not in his favor."[4]

¶5    On August 28, 2025, Defendant filed a Motion to Reconsider Order Denying Motion to Disqualify Trial Judge, and on September 30, 2025, the trial judge granted Defendant's Motion for Reconsideration, granting disqualification under 4 V.I.C. § 284.[5] The trial judge stated that she agrees with Defendant "that disqualification is proper based solely on the appearance of a conflict, and not because the trial process was tainted."[6] The trial judge additionally ruled: "Notably, the court previously ruled that the trial and jury verdict was not tainted for the reasons stated in the court's August 8, 2025, decision. However, since the court did not decide the issue of a conflict

---

[2] The Court never issued an Order addressing the motion to stay, but the case also has not proceeded since Defendant filed the motion to stay.

[3] Soon after, in April 2023, the Governor of the Virgin Islands nominated Judge Ross-Edwards to become a Judge of the Superior Court of the Virgin Islands.

[4] Order 6.

[5] On September 30, 2025, in the Order on Motion for Reconsideration, when ruling that she was disqualified, the trial judge referred to 4 V.I.C. § 284(3). However, on September 30, 2025, in her Order of Recusal, the trial judge recused herself pursuant to 4 V.I.C. § 284(4).

[6] Order on Mot. For Recons. 3.

relative to deciding post-trial motions and sentencing, this ruling now addresses that issue previously raised in the motion to disqualify, and grants disqualification."[7]

¶6      After the trial judge granted this motion in September 2025, three additional judges later recused themselves before the case finally arrived before this Court in January 2026 (over three months later). On February 19, 2026, Defendant filed his Motion for New Trial, or, in the Alternative, Judgment for Acquittal.[8]

## II.     LEGAL STANDARD

### A. Virgin Islands Rule of Criminal Procedure 33

¶7      Virgin Islands Rule of Criminal Procedure 33[9] states that: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment."[10] Additionally, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty, or within such further time as the court may fix."[11] "Whether or not to grant a new trial is squarely within the Court's sound discretion; however, motions for new trials are largely not favored and they should not be granted unless there is a serious danger that an innocent person has been convicted."[12]

### B. Virgin Islands Rule of Criminal Procedure 29

¶8      Rule 29 of the Virgin Islands Rules of Criminal Procedure provides, in pertinent part that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal."[13] In reviewing this court's post-conviction denial of a judgment of acquittal, the Supreme Court of the Virgin Islands stated that "[i]n assessing the sufficiency of evidence to sustain [the defendant's] conviction, 'we must view the evidence in the light most favorable to the People,' and affirm the conviction if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"[14] *Milligan* was based on the analogous Federal Rule of Criminal Procedure 29. A district court, when expounding on the analogous Federal Rule of Criminal Procedure 29, explained in *United States v. Cerilli*:[15]

> A trial judge can grant a motion for judgment of acquittal only when the evidence as a whole is insufficient to support a conviction as a matter of law. However, where there is evidence upon which a jury may reasonably base and find guilt beyond a

---

[7] Order on Mot. For Recons. 4.

[8] Notably, Defendant's present motion closely resembles his previous motion for disqualification.

[9] *Rivera v. People*, 77 V.I. 514, 519, 2023 VI 1, ¶ 1 (2023).

[10] V.I. R. CRIM. P. 33(a).

[11] V.I. R. CRIM. P. 33(b)(2).

[12] *People v. Stuart*, 2022 VI SUPER 93U, ¶ 19 (V.I. Super. Nov. 18, 2022) (footnotes and quotations omitted).

[13] V.I. R. CRIM. P. 29(c)(2).

[14] *Milligan v. People*, 69 V.I. 779, 796 (V.I. 2018).

[15] 418 F. Supp. 557 (W.D. Pa. 1976) (citations omitted).

reasonable doubt, the trial judge can not intrude on the function of the jury as the trier of fact. The evidence need not be of such overwhelming magnitude that the jury must inevitably find guilt beyond a reasonable doubt; there need only be sufficient, legal evidence which when viewed in a light most favorable to the government, a jury can reasonably and in good faith make a finding of guilt beyond a reasonable doubt.[16]

¶9 Further, when making this determination, "[the Court] must view the evidence in a light most favorable to the government; it is not for the trial judge to assess the credibility of witnesses, nor to weigh the evidence, nor to draw inferences of fact from the evidence."[17] The trier of fact may base a conviction on purely circumstantial evidence, and circumstantial evidence "need not be inconsistent with every conclusion but that of guilt, provided that such circumstantial evidence provides the jury with a basis upon which to find the defendant guilty beyond a reasonable doubt."[18]

## III. ANALYSIS

### A. A new trial is not warranted.

¶10 Defendant claims that a new trial is warranted in the interest of justice because of the appearance of impropriety posed by the previous trial judge presiding over the trial. First, Defendant states that due process requires the absence of bias by the judge. The U.S. Supreme Court has stated that: "A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome."[19] Defendant cites *Caperton v. A.T. Massey Coal Co.*, which states in pertinent part:

> The judge's own inquiry into actual bias, then, is not one that the law can easily superintend or review, though actual bias, if disclosed, no doubt would be grounds for appropriate relief. In lieu of exclusive reliance on that personal inquiry, or on appellate review of the judge's determination respecting actual bias, the Due Process Clause has been implemented by objective standards that do not require proof of actual bias. In defining these standards the Court has asked whether, "under a realistic appraisal of psychological tendencies and human weakness," the interest "poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented."[20]

Furthermore, "objective standards may also require recusal whether or not actual bias exists or can be proved. Due process 'may sometimes bar trial by judges who have no actual bias and who

---

[16] *Id.* at 565 (citations omitted).
[17] *United States v. Boatwright*, 425 F. Supp. 747, 750 (E.D. Pa. 1977).
[18] *United States v. Miah*, 433 F. Supp. 259, 264 (E.D. Pa. 1977), aff'd, 571 F.2d 573 (3d Cir. 1978).
[19] *In re Murchison*, 349 U.S. 133, 136 (1955).
[20] *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) (citations omitted).

would do their very best to weigh the scales of justice equally between contending parties.'"[21]

¶11    Second, Defendant cites specific U.S. Virgin Islands rules applicable to recusal.[22] For instance, 4 V.I.C. § 284 states:

> No judge or justice shall sit or act as such in any action or proceeding:
>
> (1) To which he is a party or in which he is primarily interested;
>
> (2) When he is related to either party, or to an officer of a corporation which is a party, by blood or marriage within the third degree;
>
> (3) When in the action or proceeding or in any prior action or proceeding involving the same issues, he has been of counsel for any party to the action or proceeding; or
>
> (4) When it is made to appear probable that, by reason of bias or prejudice of such judge, a fair and impartial trial cannot be had before him.[23]

"But '[t]he question is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all of the circumstances.'"[24]

> Similarly, Defendant also cites Virgin Islands Supreme Court Rule 213.2.11. It states:
>
> (A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality* might reasonably be questioned, including but not limited to the following circumstances:
>      (1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge* of facts that are in dispute in the proceeding.
>
> . . . .
>      (6) The judge:
>           (a) served as a lawyer in the matter in controversy, or was associated with a lawyer who participated substantially as a lawyer in the matter during such association.
>
> . . . .

¶12    Lastly, Defendant asserts that the trial judge, in addition to her law firm representing the

---

[21] *Id.* at 886 (citing *In re Murchison*, 349 U.S. at 136).

[22] *Id.* at 889–90 (citation omitted) ("The Due Process Clause demarks only the outer boundaries of judicial disqualifications. Congress and the states, of course, remain free to impose more rigorous standards for judicial disqualification than those we find mandated here today.").

[23] V.I. CODE ANN. tit 4, § 284.

[24] *Alexander v. People*, 65 V.I. 385, 395 (2016) (citing *Rice v. McKenzie*, 581 F.2d 1114, 1116 (4th Cir. 1978)).

Ramsundar family, "no doubt constituted structural error."[25] The Supreme Court of the Virgin Islands has elaborated upon structural errors:

> Such structural errors include the total deprivation of the right to counsel, *see Gideon v. Wainwright*, 372 U.S. 335 (1963), the case being presided over by a biased judge, *see Tumey v. Ohio*, 273 U.S. 510 (1927), and the unlawful exclusion of members of a certain race from a jury, *see Vasquez v. Hillery*, 474 U.S. 254 (1986). In other words, a structural error differs from a trial error in that it denies "basic protections" such that "a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair." *Rose v. Clark*, 478 U.S. 570, 577–78 (1986); *see also* Gessner H. Harrison, State v. Harrison, The Harmless Error Doctrine, and Criminal Sentencing in Arizona, 31 ARIZ. ST. L.J. 1395, 1411 (1999) (observing, based on Supreme Court precedent, that "structural defects automatically require reversal" and that the presumption of an adverse effect on a defendant arising from a structural defect "is insurmountable").[26]

Defendant claims that the structural error from his trial requires that the verdict be vacated and a new trial granted.[27]

¶13    In Opposition, the People state that a new trial is not warranted as there was neither bias nor appearance of impropriety by the previous trial judge presiding over the trial. For instance, the People write how a jury decided the case and not the trial judge, the trial judge denied having any knowledge of this separate case, and Defendant failed to demonstrate that any alleged impropriety influenced the verdict. "The evidence convicted Defendant and not the fact that Judge Yvette Ross-Edwards presided over the trial."[28]

¶14    As a preliminary matter, because the previous trial judge is disqualified from deciding the post-trial motions, this Court will independently make its own rulings on the post-trial motions. Also, with this motion filed several months after the trial, even with time extensions granted by the trial judge, this Court has concerns that Defendant may have exceeded the deadline timeframe outlined by Rule 33(b)(2). However, regardless of any procedural timing issues, this Court will nonetheless decide Defendant's motion on the merits.

¶15    First, this Court views Defendant's raising the issue of potential bias or appearance of impropriety with the trial judge only after receiving an unfavorable verdict as near "gamesmanship.[29] For instance, the trial judge stated that she did not initially recuse herself because before the trial she lacked knowledge of the Wrongful Death case or of Yvette D. Ross-

---

[25] Mot. For New Trial or, in the Alternative, J. for Acquittal 16.

[26] *Rivera-Moreno v. Gov't of Virgin Islands*, 61 V.I. 279, 319–20 (2014).

[27] Notably, in Defendant's motion, Defendant does not claim to have additional evidence, and Defendant also does not allege fraud or claim a lack of jurisdiction through Rule 33.

[28] Response to Def.'s Mot. For New Trial or, in the Alternative, J. for Acquittal 4.

[29] *Burt v. Lockheed Martin Corp.*, 79 V.I. 801, 811 n.4 (2024).

Edwards, P.C.'s involvement in it and that she had no direct involvement in the civil case.[30] In contrast, Attorney Dowling had such knowledge throughout the case by serving as counsel for Defendant in both the criminal and civil cases.[31] Attorney Dowling would have been aware of the situation early on in the case. However, Defendant (including counsel) inexplicably fails to account for why Defendant did not raise the alleged critical issue of the structural error with the trial judge before the trial, particularly if Defendant viewed this issue so major as to warrant a whole new trial.

¶16    Lastly, this Court finds that the judge presiding over the trial did not prejudice Defendant because an independent jury reached its own impartial decision regarding Defendant's guilt.[32] The jury found Defendant guilty of Involuntary Manslaughter in violation of Title 14 V.I.C. § 924(2) based upon the evidence presented at trial.[33] "We have held that these provisions require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt."[34] Defendant has also not alleged that the jury had biases against Defendant.[35] Accordingly, Defendant's instant motion for a new trial will be denied.

## B. The Court will deny Defendant's Motion for Judgment of Acquittal.

¶17    A jury found Defendant guilty of involuntary manslaughter. "Manslaughter is the unlawful killing of a human being without malice aforethought."[36] "Involuntary" is elaborated upon as "in the commission of an unlawful act, not amounting to a felony; or in the culpable omission of some legal duty; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection."[37]

¶18    The People presented evidence that Defendant drove a car that caused a collision and resulted in the death of an individual. Among the several exhibits and testimonies presented, the evidence included a video pertaining to the collision and testimony from Officer Christopher, who testified how Defendant stated he had been driving at 60 miles per hour at the time of the collision, even though the area had a speed limit of 35 miles per hour.[38]

---

[30] Notably, an issue concerning bias alleged by Defendant boils down to the attorneys with Yvette D. Ross-Edwards, P.C. and Manning Legal Services P.C. for Plaintiff in the Wrongful Death case not filing a stipulation for substitution of counsel before Judge Ross-Edwards presided over this criminal case, even though the Wrongful Death case had in effect functioned as if it had been stayed after Defendant's Motion For Stay, filed in March 2021.

[31] According to Attorney Dowling's notices of appearance, she started representing Defendant in 2020 for the present criminal case and in 2021 for the civil case.

[32] A trial by jury in criminal cases is fundamental to the American scheme of justice. *Duncan v. State of La.*, 391 U.S. 145, 149 (1968).

[33] The jury instructions expressly communicated to the jury to not permit outside matters to influence their decision.

[34] *United States v. Gaudin*, 515 U.S. 506, 510 (1995) (citation and footnote omitted).

[35] Additionally, Defendant has not elaborated upon how, if at all, the trial judge's involvement influenced or tainted the jury's decision. *See Benjamin v. AIG Ins. Co. of Puerto Rico*, 56 V.I. 558, 569 (2012); *see People v. Todmann*, No. ST-08-CR-44, 2012 WL 13220115, at *6 (V.I. Super. July 25, 2012); *see generally Joseph v. Virgin Islands*, 60 V.I. 338 (2013); *see McKernan v. Superintendent Smithfield SCI*, 849 F.3d 557, 565 (3d Cir. 2017).

[36] 14 V.I.C. § 924.

[37] 14 V.I.C. § 924(2).

[38] Officer Christopher also testified to smelling alcohol when communicating with Defendant after the collision.

¶19    Defendant argues that: (1) the People presented no evidence that Defendant was driving in the wrong lane or that the deceased was in the correct lane as the lanes are not visible in the video; (2) the People failed to identify the cars or drivers from the video; (3) the People failed to present an accident reconstruction at trial; and (4) the People presented no depiction as to where the point of impact occurred.[39]

¶20    Based upon the evidence presented, this Court finds that, in a light most favorable to the government, a jury could reasonably and in good faith make a finding of guilt beyond a reasonable doubt.

¶21    Based upon the foregoing, it is hereby

**ORDERED** that Defendant's Motion for New Trial or, in the Alternative, Judgment for Acquittal, filed February 19, 2026, is **DENIED**; and it is further

**ORDERED** that a copy of this Order shall be directed to Assistant Attorney General Kippy Roberson and Attorney Kye Walker.

DATED: 3/19/2026

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

BY: _____ 03/20/2026
**LATOYA CAMACHO**
Court Clerk Supervisor ____/____/___

---

[39] Mot. for New Trial or, in the Alternative, J. for Acquittal 18.